IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:13-cr-181-TCB |
| MARCUS MATRICE GRAY, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court are Marcus Gray's objections [30] to Magistrate Judge Russell G. Vineyard's Report and Recommendation on Gray's pretrial motions [26], which recommends denying the motions to suppress evidence and his statements.  Specifically, Gray objects that:

(1) the R&R incorrectly indicates that Officer Jeffrey May scanned the room *while* ATF Agent James Booth handcuffed Gray;

(2) the incriminating character of the firearm was not "immediately apparent," so its seizure cannot be justified under the plain view doctrine; and

(3) he "unequivocally invoked" his right to remain silent regarding the firearm, so his statements about it are inadmissible.

For the reasons below, the R&R is adopted in part and modified in part.

I.  Background

On May 8, 2013, Gray was indicted for possession of a firearm by a convicted felon and failure to register as a sex offender as required by federal law.  Because the R&R sets forth the facts of this case in detail, the Court reiterates only those that are relevant to Gray's objections.

Federal law enforcement officers were alerted to Gray's presence in the Atlanta area by a "very detailed" anonymous tip for failing to register as a sex offender that described his residence and mentioned an outstanding arrest warrant.  While corroborating the details of this tip, they learned that Gray was a convicted felon.

On April 11, 2013, law enforcement officers, including ATF Agent James Booth and Officer Jeffrey May,[1] entered the apartment where Gray was living to execute the arrest warrant.  Gray was discovered in a back bedroom.  Agent Booth placed him in handcuffs while Officer May covered

---

[1] Officer May is employed by the Carroll County Sheriff's Department.  He is involved in this case because of his work with the USMS Southeast Regional Fugitive Task Force.

him, keeping his attention on Gray. Once Gray was handcuffed, Officer May proceeded to sweep the room. As he swept an open closet, he observed a firearm sitting on a shelf at eye level. He notified Agent Booth, who secured the firearm in an evidence box.

After his arrest, Gray was removed from the apartment and secured in the vehicle of USMS Inspector Erik Richmond. Inspector Richmond read Gray his *Miranda* rights from a USMS *Miranda*-rights card. All told, Gray was read his *Miranda* rights twice before he signed a waiver-of-rights form provided by the USMS.

After being read his rights, Gray was questioned by Inspector Richmond and Agent Booth regarding his failure to register as a sex offender and the firearm found in the closet. He agreed to talk with them about both. But when asked to provide written statements, Gray agreed to do so regarding his failure to register but not the firearm.

Gray has moved to suppress the firearm and statements made regarding the firearm. After conducting a hearing and allowing supplemental briefing, Judge Vineyard issued the R&R recommending that these motions be denied. Gray timely objected to portions of the R&R.

## II. Discussion

### A. Legal Standard

After conducting a "careful and complete" review of a magistrate judge's findings and recommendations, a district judge may accept, reject or modify a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc)) (internal quotation mark omitted).[2] A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Those portions of an R&R to which an objection

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). Additionally, all decisions issued after that date "by a non-unit panel of the Former Fifth, the full en banc court of the Former Fifth, or Unit B panel of the Former Fifth Circuit" are binding precedent absent a contrary en banc Eleventh Circuit decision. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

is not asserted may be reviewed for clear error.  *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

> B.  Error in Statement of Facts

Gray objects to the statement that Agent Booth "immediately placed Gray in handcuffs, *while* [Officer May] proceeded to scan the bedroom to ensure that no one else was concealed in the room." [26 at 8 (emphasis added)].  A de novo review of the record reveals that Officer May testified that he kept his attention on Gray until he was handcuffed and then proceeded to scan the room.  Thus, after reviewing the other factual findings for clear error and finding none, the Court will adopt those in the R&R but modify them to reflect this testimony.

> C.  Incriminating Character of the Firearm

Gray next objects that the incriminating character of the firearm was not immediately apparent; thus, its seizure cannot be justified under the plain-view doctrine.  He argues that because others were living in and present at the apartment, it could not have been "immediately apparent" to the officers that he had been in possession of the firearm.

5

Gray's objection hinges on the ordinary meaning of "immediately apparent" under the plain-view doctrine.  But he does not cite, nor has the Court found, any binding authority that supports his view.  Quite the opposite in fact.  While courts recite the rule that a law enforcement officer may seize an object without a warrant if, among other things, "the incriminating character of the item is *immediately apparent*," *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006) (emphasis added), in practice this phrase means: "If . . . the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object—*i.e.*, if its incriminating character [is not] immediately apparent—the plain-view doctrine cannot justify its seizure." *United States v. Lall*, 607 F.3d 1277, 1291 (11th Cir. 2010) (quoting *Minnesota v. Dickerson,* 508 U.S. 366, 375 (1993) (internal quotations and citation omitted)).  Thus, the question is whether there was "probable cause to believe that the item is contraband." *United States v. Susini*, 261 F. App'x 270, 273 (11th Cir. 2008).  And the Supreme Court has explained,

> probable cause is a flexible, common-sense standard.  It merely requires that the acts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief is correct or more likely true than false.

*Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion) (internal citation omitted).

Here, when the officers entered the apartment, they knew that Gray was a convicted felon and thus could not lawfully possess a firearm. They found the firearm sitting eye level on a shelf in an open closet in the room where Gray was apprehended. Considering the totality of the circumstances, the officers' belief that the firearm may have been contraband or evidence of a crime was warranted. Accordingly, their warrantless seizure of the firearm was permissible under the plain view doctrine. The Court will adopt Judge Vineyard's recommendation and will deny Gray's motion to suppress the firearm.

### D.   Waiver of Right to Remain Silent

Finally, Gray objects to the determination that he waived his right to remain silent with respect to the firearm. According to him, when he was initially questioned by Inspector Richmond, he said that he would not discuss the firearm. In short, he renews arguments from his post-hearing brief that were considered and rejected by Judge Vineyard.

After reviewing Gray's argument de novo, the Court concludes that his contention that he "unequivocally invoked his right to remain silent

7

with respect to the gun" is meritless.  Gray's entire argument rests on a single statement by Inspector Richmond during his testimony before Judge Vineyard: "[Gray] said that he was not going to say anything about the gun."  But when considered in context, it is clear that Gray not only was well aware of his *Miranda* rights but also voluntarily and knowingly waived them regarding the firearm.  Thus, the Court will adopt Judge Vineyard's analysis and recommendation as its own and will deny Gray's motion to suppress his statements regarding the firearm.

III.   Conclusion

The Court ADOPTS AS ITS ORDER the R&R [26], except as modified above.  Thus, Defendant Gray's motions to suppress evidence and his statements [10, 11] are DENIED.  This case is now ready to be set for trial.

IT IS SO ORDERED this 25th day of November, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge